**In re Anonymous No. 42 D.B. 80**

Disciplinary Board Docket no. 42 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

KECK, *Member,* June 16, 1981—Pursuant to Pa.R.D.E. 205(c)(5), the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your Honorable Court with respect to the above mentioned petition for discipline.

## I. HISTORY OF THE CASE

On July 28, 1980 Disciplinary Counsel filed the petition for discipline containing two charges. Charge I involves neglect of a client's interests, Charge II involves failure of respondent to appear before Disciplinary Counsel to receive a private informal admonition arising from investigation of Charge I.

## A. CHARGE I

1. On or about June 20, 1973 [A] was driving her automobile in [  ] City, Pa., when it was struck by an automobile driven by [B] and owned by [B's] mother.

2. About one month later a claims representative of [B's] vehicle offered [A] $2500 in compensation for damage to her automobile and for personal injuries.

3. [A] rejected the proferred settlement and re-

tained respondent to prosecute her claim for damages. She gave respondent her correspondence and papers relating to the accident.

4. Subsequently [A] telephoned respondent many times and made numerous visits to respondent's law office. During one such visit respondent informed [A] that he had filed suit in [  ] County against [B] and his mother. On other occasions he assured [A] that he was pushing her suit.

5. In fact respondent took no action to file suit or otherwise achieve settlement and allowed the statute of limitations to run.

6. [A] requested respondent to return her papers but respondent failed to do so promptly.

## B.  CHARGE II

1. [A] filed a complaint against respondent with the Disciplinary Board. Disciplinary Counsel recommended disposition to a reviewing member of a hearing committee who directed that respondent receive a private informal admonition by Disciplinary Counsel.

2. By letter dated May 15, 1980 Chief Disciplinary Counsel notified respondent of the findings of the reviewing member arising from Charge I and directed respondent to appear personally before Disciplinary Counsel at 9:30 a.m. June 12, 1980 in the District [  ] Office of the Disciplinary Board in [  ] Pa. to receive the informal admonition. Notification was sent by certified mail and was received by respondent May 27, 1980.

3. Respondent did not appear before Disciplinary Counsel at the appointed time and did not provide any explanation for his failure to appear.

4. By letter dated June 13, 1980 sent by certified mail and received by respondent June 19, 1980,

Chief Disciplinary Counsel offered respondent opportunity to explain his failure to appear for the informal admonition and to avoid institution of formal proceedings.

5. No response was received to the June 13, 1980 letter.

6. By letter dated June 26, 1980 sent by certified mail, received by respondent June 30, 1980 and personally served upon respondent, Chief Disciplinary Counsel notified respondent that formal charges might be instituted if no explanation was given before July 7, 1980 of respondent's failure to appear to receive the informal admonition. No reply was received to the letter of June 26, 1980.

## C. PETITION AND HEARING

1. Wherefore Disciplinary Counsel prepared the petition for discipline charging that

2. With respect to Charge I respondent is guilty of violating the following Rules of the Code of Professional Responsibility:

A. D.R. 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

B. D.R. 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

C. D.R. 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law;

D. D.R. 2-110(A)(2): A lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, and delivering to the client all papers and property to which the client is entitled;

E. D.R. 6-101(A)(3): A lawyer shall not neglect a matter entrusted to him;

F. D.R. 7-101(A)(1): A lawyer shall not intentionally fail to seek the lawful objectives of his client;

G. D.R. 7-101(A)(2): A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services;

H. D.R. 7-101(A)(3): A lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship;

I. D.R. 9-102(B)(4): A lawyer shall promptly deliver to the client, as requested by a client, the properties in the possession of the lawyer which the client is entitled to receive.

3. With respect to Charge II respondent is guilty of violating the following Rules of the Code of Professional Responsibility and the following Enforcement Rules and Board Rules:

A. D.R. 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

B. D.R. 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law;

C. Pa.R.D.E. 203(b)(2) and Board Rule §85.7(b)(2): A lawyer shall not wilfully fail to appear before Disciplinary Counsel for an informal admonition;

D. Board Rule §87.52(b): The neglect or refusal of the respondent-attorney to appear for an informal admonition without good cause shall constitute and indepedent act of professional misconduct.

4. The petition for discipline was assigned to a hearing committee.

5. The hearing was scheduled for 10:00 a.m.,

October 29, 1980 in the District [ ] Office, [ ]. Respondent did not appear, nor was he represented by counsel. The hearing began at 10:13 a.m. The record shows that the chairman telephoned respondent's office and spoke with a woman who identified herself as respondent's secretary and who stated that she did not believe respondent would attend the hearing since he was at some hearings in [ ].

6. Testimony began relating to Charge II.

7. An investigator for the Disciplinary Board testified that he had personally served the petition for discipline and the notice of hearing upon respondent in ample time. He further testified that he had searched the court records of [ ] and [ ] Counties and found no record of any suit filed on behalf of [A].

8. Chief Disciplinary Counsel testified to his efforts to secure from respondent an explanation for his failure to appear to receive the informal admonition.

9. With respect to Charge I [A] offered testimony in support of the statements under Charge I. She testified that her medical expenses relating to the accident amounted to about $600 and that she received from her own insurance company $262. [A's husband] offered testimony corroborating that of his wife.

## II. FINDINGS OF FACT

1. The facts relating to Charge I are as stated in paragraphs 1 through 6 of subsection A. Charge I of the preceding section: I. History of the Case.

2. The facts relating to Charge II are as stated in paragraphs 1 through 6 of subsection B. Charge II of the preceding section: I. History of the Case.

3. The facts relating to the hearing are as stated in paragraphs 1 through 9 of subsection C. petition

and hearing of the preceding section: I. History of the case.

## III. CONCLUSIONS OF LAW

A. AS TO CHARGE I

1. Respondent has violated D.R. 1-102(A)(4) in that he has engaged in conduct involving deceit and misrepresentation;

2. Respondent has violated D.R. 6-101(A)(3) in that he has neglected a matter entrusted to him;

3. Respondent has violated D.R. 7-101(A)(2) in that he has intentionally failed to carry out a contract of employment entered into with a client for professional services;

4. Respondent has violated D.R. 9-102(B)(4) in that he has failed to promptly deliver to the client, as requested by a client, the properties in the possession of the lawyer which the client is entitled to receive.

B. AS TO CHARGE II

1. Respondent has violated D.R. 1-102(A)(5) in that he has engaged in conduct that is prejudicial to the administration of justice;

2. Respondent has violated Pa.R.D.E. 203(b)(2) by wilfully failing to appear before Disciplinary Counsel for an informal admonition.

## IV. DISCUSSION

Respondent took no part in these proceedings against him. He disregarded Disciplinary Counsel's notice to appear to receive an informal admonition. He ignored Disciplinary Counsel's efforts to communicate with him about the matter. He ignored the notice of hearing, failed to appear at the hearing or to be represented by counsel. He has offered no explanation for his several failures to

participate in the Disciplinary process. He did not acknowledge the report of the hearing committee. He did not file exceptions to any charges or conclusions. Respondent has exhibited a flagrant and contemptuous disregard for the Rules of Disciplinary Enforcement, for the Disciplinary process which might have helped him, and for the authority of the Disciplinary Board and its Disciplinary Counsel.

Moreover by neglecting his client's interests with a consequent financial loss to the client, and by lying to this client about his activities on the client's behalf he has committed serious violations of the Disciplinary Rules.

No penalty short of suspension would impress respondent with the gravity of his offenses, and cause him to recognize the necessity of observing and adhering to the Disciplinary Rules.

## V. RECOMMENDATION

The Disciplinary Board concurs with the hearing committee and recommends to your honorable court that respondent be suspended from the practice of law for a period of 12 months.

Mrs. Neuman did not participate in the adjudication.

## ORDER

O'BRIEN, *C. J.*, And now, September, 25, 1981, the recommendation of the Disciplinary Board dated June 16, 1981, is accepted; and it is ordered that respondent be and he is suspended from the Bar of this Commonwealth for a period of one year, and he shall comply with all the provisions of Pa.R.D.E. 217 of the Pennsylvania Rules of Disciplinary Enforcement.